UNITED STATES *v.* JOSEPH FISCHER AS LIQUIDATING AGENT OF SCHMOLL FILS ASSD., INC., ET AL. (No. 4459)[1]

[1] C. A. D. 286.

United States Court of Customs and Patent Appeals, June 19, 1944

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *Daniel I. Auster*, special attorneys, of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* and *Hadley S. King* of counsel) for appellees.

[Oral argument April 6, 1944, by Mr. Weeks and Mr. Samuel M. Richardson]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges [2]

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, in reappraisement No. 127924–A and 187 other reappraisements which are listed in the record under "Schedule A."

---

[9] LENROOT, Judge, sat during the argument of this case, but resigned before the opinion was prepared.

The trial court treated reappraisement No. 127924–A as typical of all the reappraisements, and, as it is agreed by counsel for the parties that the facts are the same in each, it is unnecessary that we discuss all of the reappraisements.

Preliminary to a discussion of the issues in the case, it may be said that counsel for the parties, in order to aid the trial court, agreed that the merchandise covered by 75 of the involved reappraisements was appraised by the local appraiser prior to the effective date (July 25, 1938) of the "Customs Administrative Act of 1938," amending section 501 of the Tariff Act of 1930. Those 75 reappraisements are listed under "Schedule A" on page 24 of the record.

Section 501, as amended, provides, among other things, that the trial judge of the United States Customs Court, sitting in reappraisement, " '*shall in every case*, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties' an opportunity to be heard on the merits, *determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing*'." [Italics not quoted.]

Prior to such amendment, it had been repeatedly held by this court that where an appraisement by a local appraiser was invalid and void, the trial court and, on appeal, the appellate division of the Customs Court should so hold, and that neither of those tribunals had authority to find values. See *United States* v. *Daniel F. Young, Inc.*, 27 C. C. P. A. (Customs) 124, 131, C. A. D. 73, and cases therein cited.

In the instant case, the importers appealed for reappraisement.

The appeals were consolidated for the purpose of the trial, and were submitted by the parties on the entry record. No evidence was offered on the trial by either party. There being no other evidence offered by the importers, counsel for the Government moved to dismiss the appeals.

Reappraisement No. 127924–A involves two invoices of steer hides, imported from Argentina and entered at the port of New York.

The trial court stated, and it is not argued to the contrary by counsel for either of the parties, that the merchandise was "invoiced at 55 Argentine paper pesos per 100 kilos, plus certain charges, and was entered at 60 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses." The trial court further stated that—

On the importer's statement of advance on entry to make market value, which is attached to invoice No. 1, there is a red-ink stamp "Appraiser adds for shrinkage after exportation 1.98968 per 100 kos." and on the statement attached to invoice No. 2 there is a similar stamp reading "Appraiser adds for shrinkage after exportation 1.98999 per 100 kos."

In addition to what was recited in the trial court's decision, there

appears in red ink on each of the invoices the following: "Note. T. D. 24381 also Dept. Letter July 25, 1930."

The trial judge stated that counsel for the importers contended before him that the action of the appraiser was not a determination of dutiable values of the merchandise in the country of exportation at the time of exportation, but rather was "an estimate by calculation of what the shrinkage in weight of the hides shipped was worth, and not a compliance with the law and customs regulations governing appraisement of imported merchandise," and that the method pursued by the appraiser in "adding to the entered value an amount for shrinkage, 'is not a function of appraisement under the Tariff Act of 1930 or any of the preceding laws'."

In his decision, the trial judge quoted article 781 of the Customs Regulations, 1937, and stated that the reason for the provisions of that article was clearly set forth in a ruling of the Secretary of the Treasury, T. D. 23481, dated January 25, 1902.

Article 781 of the Customs Regulations of 1937 reads:

Art. 781. Loss of weight—Increase in value.—When merchandise subject to an ad valorem rate of duty has decreased in weight by reason of evaporation or otherwise, and the value of the unit of quantity has correspondingly increased, the appraiser should appraise the merchandise in the condition in which imported and such appraisement shall not be deemed an advance in value for the purpose of assessing additional duty.

In T. D. 23481, *supra*, it was stated, among other things, that "so-called wet or green hides may be invoiced and shipped, but upon arrival they are found to have dried to some extent or shrunk during the voyage of importation, and, therefore, the appraiser has before him hides of a different character and admittedly of a greater unit value than the hides invoiced and shipped, and it is his duty to find the value in the foreign market on the date of shipment of the hides of the kind before him and not of the kind invoiced and shipped."

The court also called attention to section 500 (a) (1) of the Tariff Act of 1930 where it is provided that—

It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

and stated:

It is manifest that the unit of quantity adopted by the importer on entry and by the appraiser on appraisement as the unit in which hides of the character of those in issue were usually bought and sold was 100 kilograms. It is equally manifest that to the entered value of 60 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses, the appraiser added on the first invoice 1.98968 Argentine paper pesos per 100 kilos, making an appraised value of

61.98968 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses, and added on the second invoice 1.98999 Argentine paper pesos per 100 kilos, plus charges for tags and travelling expenses.

The trial court held that the appraisements by the local appraiser were not invalid and void and were not erroneous, and stated that, in accordance with the provisions of section 500 (a) (1), *supra*, it was the duty of the appraiser to appraise imported merchandise in the unit of quantity in which it is usually bought and sold " 'by ascertaining or estimating the value thereof by all reasonable ways and means in his power'." The court then said:

I cannot say as a matter of fact or law that such means of ascertaining or estimating the value of the merchandise as were used by the appraiser in these cases were not reasonable. On the contrary, it is, in fact, reasonable to suppose that the amount of moisture in hides bought and sold on the basis of weight would be a factor in determining their value in the country of exportation on any given date, and plantiffs [importers] have offered nothing tending to indicate that the method of appraisement used herein *would not result in the correct values as of the time of exportation of hides such as or similar to those imported* within the meaning of section 402 of the Tariff Act of 1930. [Italics ours.]

The court called attention to the fact that, although article 776 (h) of the Customs Regulations of 1937, which is one of the rules provided for the making of returns on invoices, provides that—

the appraiser's return on the face of the invoice should be a direct statement of his appraisement, and not an expression of differences between appraised and entered values—

the appraiser, nevertheless, did not follow the rule but, on the contrary, "did the very thing he was directed not to do." The court was of opinion, however, that the regulation "did not have for its purpose the ascertainment of the value of the goods, but rather the reporting of the value ascertained," and that compliance with such regulation was not one of the elements essential to a legal appraisement, as set forth in the case of *United States* v. *F. W. Woolworth Co. et al.,* 22 C. C. P. A. (Customs) 184, T. D. 47126.

The court concluded its decision by stating that the appraisements were valid, and held that, as the importers had failed to offer any evidence to establish any values for the merchandise other than the appraised values, the motion by the Government to dismiss the appeals should be granted, and judgment was issued by the court dismissing *all* of the appeals for reappraisement.

In their assignments of error to the appellate division of the Customs Court, the importers challenged the correctness of the trial court's holding that the local appraiser was authorized to add to the entered values the sums hereinbefore set forth because of shrinkage of the hides. No other issue was raised by the assignments of error.

In its decision, the appellate division of the Customs Court stated that, in view of the conclusion it had reached, it was unnecessary to consider the case on its merits, and held that the trial court should

have found values for the merchandise in all of the reappraisement cases, including those in which the appraisements were made prior to the effective date of the amendment to section 501 of the Tariff Act of 1930—July 25, 1938.

As we understand its decision, the appellate division of the Customs Court held that the appraisements by the local appraiser, while erroneous, were not illegal and void.

*As to the appraisements made subsequent to the effective date of the Customs Administrative Act,* amending section 501 of the Tariff Act of 1930 (July 25, 1938) it clearly was the duty of the trial court under the provisions of the statute, whether the appraisements were valid or invalid, although no evidence was submitted at the trial, to determine the value of the merchandise covered by those appraisements from "'the evidence in the entry record'," as held by the appellate division of the Customs Court.

As to the 75 reappraisements covering merchandise which was appraised prior to the effective date of the Customs Administrative Act, amending section 501 of the Tariff Act of 1930, we are in agreement with the views expressed by the trial court that there is nothing in the record to indicate that the method adopted by the appraiser did not result in correctly ascertaining or estimating the dutiable values of the merchandise. We are of opinion that the court properly dismissed those appeals for reappraisement. See *G. & H. Transport Co., Inc.* v. *United States,* 27 C. C. P. A. (Customs) 159, C. A. D. 78.

Counsel for the importers here contend that the appraisements by the local appraiser were invalid and void for the same reasons advanced before the trial court, that is, it is alleged, that the appraiser did not follow the mandatory provisions of the statutes relating to appraisements and the regulations referred to in the decision of the trial court, and also the regulations referred to in the decision of the appellate division of the Customs Court.

As hereinbefore stated, the only issue raised by appellee's assignments of error before the appellate division of the Customs Court was that because the appraiser in determining the dutiable value of the merchandise took into consideration shrinkage of the hides after exportation and before importation, his appraisements were null and void.

We are of opinion that, although the values returned by the local appraiser may not be correct, he had the authority to appraise the merchandise *in its condition* as imported in the unit of quantity in which such or similar merchandise is usually bought and sold in the country of exportation by estimating the shrinkage thereof from the time of exportation to the time of importation, if, by so doing, the dutiable values might be properly ascertained. We know of no statute or regulation which prohibits such action on the part of the appraiser. Furthermore, there is nothing whatsoever in the record

to indicate that the values returned by the appraiser are not the proper dutiable values of the merchandise.

For the reasons stated, the judgment of the appellate division of the Customs Court is *modified*, being *reversed* so far as it held that the trial court erred in dismissing the 75 reappraisement cases in which the merchandise had been appraised by the local appraiser prior to the effective date of the amendment of section 501 of the Tariff Act of 1930, and in all other respects *affirmed*, and the cause is remanded for proceedings consistent with the views herein expressed.